**In re Josef and Marie LAH, Debtor.**

**Bankruptcy No. B85–02872.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Sept. 28, 1988.

Marvin A. Sicherman, Dettelbach & Sicherman Co., L.P.A., Cleveland, Ohio, Trustee in Bankruptcy.

Mark Schlachet, Cleveland, Ohio, for debtors.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the motion of Marvin A. Sicherman (Trustee), for an order requiring Josef and Marie Lah (Debtors) to turn over certain assets of the bankruptcy estate. Upon a hearing and an examination of the pleadings and the record, generally, the motion is granted for the reasons set forth herein.

This is a core proceeding under provisions of 28 U.S.C. § 157(b)(2)(E) and (O), with jurisdiction further conferred under provisions of 28 U.S.C. § 1334 and General Order No. 84 of this District. The above-styled case was initially filed as a voluntary Chapter 11 case on November 12, 1985. Following a hearing on the motion of Ameritrust Company, N.A. on February 18, 1987 to convert that case to one under Chapter 7, the Debtors consented to the conversion and the Court entered its order converting the case on February 20, 1987. Upon conversion, the Trustee was duly appointed and proceeded to liquidate the Debtors' assets. In furtherance of that effort, the Trustee became aware of four bank accounts of the Debtors at Huntington National Bank (HNB) containing the following amounts: [1]

| Amount | Amount as of 2-20-87 |
|---|---|
| # 01661534697 ("Future Directions–Josef's") | $ 114.42 |
| # 01661534668 ("Future Directions–Josef's") | 1,582.83 |
| # 01661485539 ("Directions") | 1,403.53 |
| # 0166–700512–0 ("Lahko Co.") | 1,484.21 |

The first two accounts identified above, Nos. 01661534697 and 01661534668, were used as the Debtors' Debtor-in-Possession accounts during the course of their Chapter 11 case. It has been stipulated that those accounts were not disclosed on the debtors' petition, schedule, or statement of financial affairs filed on behalf of the Debtors in the instant case. Nor were these accounts disclosed at the § 341 meeting of creditors which convened on December 4, 1985. That fact was also stipulated by the parties hereto. Upon conversion to Chapter 7, the parties again have stipulated that no disclosure of these accounts was made at the § 341 meeting of creditors on March 27, 1987. On the conversion date, February 20, 1987, the Debtors had on deposit in those DIP accounts an aggregate total of $1,697.24. Upon the granting of a turnover order, the Trustee received from HNB on September 4, 1987, an amount of $108.14, reflecting the account's remaining

---

1. Pursuant to Court order dated September 4, 1987, HNB turned over to the Trustee all funds on deposit in Debtors' accounts Nos. 01661534668 and 01661534697, in an aggregate amount of $108.14 which represented the accounts' balances on that date.

balance in those accounts on that date. Other than that turnover from HNB, the Debtors allegedly have turned over no additional funds to the Trustee. The instant motion ensued.

## II.

The principal dispositive issue is whether the Trustee is entitled to a turnover of funds in the Debtors' possession which were not disclosed preconversion or post-conversion. The Trustee contends that at the commencement of their case, all funds and property of the debtors became property of the bankruptcy estate. The Trustee further alleges that upon conversion to Chapter 7, the Debtors continued to use or caused to be used for their benefit the aforementioned DIP accounts, causing an unauthorized diminution of the bankruptcy estate. Specifically, they issued a quantity of checks to third parties without Court authorization or as otherwise allowed by the Code. During the gap period between the conversion and the appointment of the Trustee, the Debtors were in *custodia legis* of the estate funds with a fiduciary duty to preserve the estate assets for the benefit of their creditors. Having failed to do so, the Trustee alleges that the Debtors have not acted in good faith and have breached their fiduciary duty. Further, the Trustee contends that the Debtors have failed to turnover to the Trustee all property of the estate in their possession or control as is required by the Code and procedural rules.

In opposition, the Debtors concede that they continued to operate their business and used the subject bank accounts, but only did so until they had received notice of the conversion of their case from Chapter 11 to Chapter 7. They further allege that their issuance of checks to third parties constituted Chapter 11 administrative expense claims due and owing as wages to their employees which they were obligated to pay. Thirdly, the Debtors contend that, post-conversion, they deposited their own funds into the subject bank accounts to cover checks issued to third parties who held valid Chapter 11 administrative expense claims against the estate and, for

that reason, an order requiring turnover of funds would be inequitable to the Debtors.

Section 541 of the Bankruptcy Code addresses property of the estate. In pertinent part, it provides:

(a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1)—all legal or equitable interests of the debtor in property as of the commencement of the case. 11 USC 541(a)(1) ...

(7) Any interest in property that the estate acquires after the commencement of the case.

Section 542 of the Code addresses a turnover of property to the estate. It provides:

(a)—[a]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt—shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Further, Rule 1019(5), Bankr. Rules, requires a turnover of records and property:

After qualification of, or assumption of duties by the chapter 7 trustee, any debtor in possession or trustee previously acting in the chapter 11 or 13 case shall, forthwith, unless otherwise ordered, turn over to the chapter 7 trustee all records and property of the estate in the possession or control of the debtor in possession or trustee. R. 1019(5)

During the pendency of their Chapter 11 case, the Debtors were allowed to continue operations pursuant to §§ 1107 and 1108 of the Code. Upon conversion to Chapter 7, all records and property within their possession or control was required to be turned over to the Trustee pursuant to Rule 1019(5). That was not done. Debtors' continued operation of their businesses was without Court approval. Their contention that they continued to operate until they received notice of the conversion is

not well-founded, nor supported under the Code. This is particularly so where the Debtors were present in Court on February 18, 1987, and consented to the motion of Ameritrust for a conversion of their case. (*See,* Joint Stipulations dated 4–21–88). Otherwise, the Debtors have failed to provide any Code or other authority which would allow their continued business operations absent Court approval. Nor did the Debtors have authorization to issue checks to third parties as purported administrative claims post-conversion. An allowance of an administrative claim is made only upon request to the Court and after notice and a hearing pursuant to § 503(a) and (b). That did not occur. The Debtors' conduct in this regard, post-conversion, was clearly in derogation of the distributive scheme set forth under § 726 of the Code.

■ The Debtors' third contention, that funds deposited into the subject accounts being their own funds deposited to cover checks issued to third parties should not be subject to turnover is also without merit. No persuasive authority has been cited in support of their position. Following a trial wherein the Trustee objected to the discharge of the Debtors, judgment was rendered favorable to the plaintiff Trustee.[2] Therein, the Court held, *inter alia,* that the Debtors abused the bankruptcy process by intentionally concealing and transferring, or permitting to be transferred estate assets, as proscribed by § 727(a)(2) of the Code. The Court further found that the Debtors' nondisclosure of the subject bank accounts was not only a material omission on their part but also was deliberate, fraudulent, and constituted a false oath as proscribed by § 727(a)(4)(A). *Id.* By reason of those findings, the Debtors are not well-positioned to argue that a turnover of funds intentionally concealed by them would be inequitable. Intentionally, the Debtors depleted the funds on deposit in bank accounts Nos. 01661534697 and 01661534668, and opened a new account a few days after the case was converted. The funds deposited into the new account were obtained from the Debtors' continued operation of their businesses without Court authorization. During the dischargeability trial, the Debtors testified that they continued operating their beauty salon and Renbow post-conversion. They also continued to use bank accounts Nos. 01661485539 and 0166–700512–0 without Court approval post-conversion. Nor was the existence of those accounts disclosed to the Trustee upon inquiry at the § 341 meeting of creditors post-conversion. In brief, the Debtors seek equity when their own conduct has demonstrated the absence of prosecuting their case in good faith.

■ The Debtors' "counterclaim to motion" is procedurally defective. The Trustee's motion was filed as a contested matter pursuant to Rule 9014, Bankr.Rules. No direction has been given to the parties as is allowed by Rule 9014, relative to the application of any procedural rules under Part VII. Absent such a direction, the Debtors' counterclaim to the Trustee's motion for a turnover order is improper. Thusly, the matter before the Court is not an adversary proceeding under Part VII. Absent such a direction, the Debtors' counterclaim to the Trustee's motion for a turnover order is improper. Thusly, the matter before the Court is not an adversary proceeding under Part VII and their counterclaim is hereby dismissed as being improvidently filed.

The burden of proof respecting a turnover motion is upon the party seeking the turnover. *Maggio v. Zeitz,* 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948). Herein, that burden has been met.

Accordingly, the Trustee's motion for turnover is granted, and the Debtors, Josef and Marie Lah, are hereby ordered to immediately remit the sum of $4,476.84 to Marvin A. Sicherman, Trustee, pursuant to 11 U.S.C. 542 and Rule 1019(5), Bankr.R.

IT IS SO ORDERED.

---

**2.** See Memorandum Of Opinion And Order, In re Josef and Marie Lah, 88 B.R. 141 (Bankr.N.D. Ohio, 1988) Baxter, J.